UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

GURBIR S. GREWAL, Attorney General of New
Jersey; CRAIG SASHIHARA, Director of the New
Jersey Division on Civil Rights; and CATHERINE
McCABE, Acting Commissioner of the New Jersey
Department of Environmental Protection,

        Plaintiffs,

  v.

TOWNSHIP OF MAHWAH and MAHWAH
TOWNSHIP COUNCIL,

        Defendants.

---

CIVIL ACTION NO. 2:17-cv-11988
JMV-JBC

---

**PLAINTIFFS' BRIEF IN OPPOSITION TO
ROBERT MOSS'S MOTION TO INTERVENE**
(Motion Day: March 19, 2018)

## TABLE OF CONTENTS

|  | PAGE |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| FACTS | 1 |
| ARGUMENT | 3 |
|    1. The interest of preserving the Green Acres Program in Mahwah is adequately represented | 4 |
|    2. Moss's intervention has strong potential to delay or prejudice the adjudication of the rights of the original parties | 5 |
| CONCLUSION | 6 |

## TABLE OF AUTHORITIES

**CASES**                                                                                     **PAGE(S)**

<u>In re Effexor XR Antitrust Litigation</u>,
2015 WL 12912442 (D.N.J. Nov. 23, 2015) ....................................................   3

<u>Kleissler v. United States Forest Service</u>,
157 <u>F.</u>3d 964 (3rd Cir. 1988) ..............................................................   3

<u>National Wildlife Federation v. Ruckelshaus</u>,
99 <u>F.R.D.</u> 558 (D.N.J. 1983) ...............................................................   3

<u>New Jersey Division of Youth and Family Services v. D.P.</u>,
422 <u>N.J. Super.</u> 583 (App. Div. 2011) ....................................................   5

**STATUTES**

<u>N.J.S.A.</u> 10:5-1 to 49 ........................................................................   2

<u>N.J.S.A.</u> 13:8A-1 <u>et seq.</u> ..................................................................   *passim*

<u>N.J.S.A.</u> 13:8C-1 <u>et seq.</u> ..................................................................   *passim*

**REGULATIONS**

<u>N.J.A.C.</u> 7:36-1 <u>et seq.</u> ....................................................................   *passim*

**COURT RULES**

F.R.C.P. 24 ...................................................................................   3, 4

## PRELIMINARY STATEMENT

Plaintiffs, the New Jersey Attorney General, the Director of the New Jersey Division on Civil Rights, and the Commissioner of the New Jersey Department of Environmental Protection (collectively "Plaintiffs"), file this brief in opposition to private citizen Robert Moss's Motion to Intervene, dated December 4, 2017. Plaintiffs oppose the application on the grounds that it fails to make a sufficient showing under Rule 24, Moss's intervention will unnecessarily complicate and delay resolution of this matter, Plaintiffs' position adequately represents the interest of citizens who seek preservation of open space in New Jersey, and the motion is premature as Defendants have yet to file their response to Plaintiffs' Complaint and the true issues in controversy have not yet emerged.

## FACTS

On October 24, 2017, Plaintiffs filed a nine-count complaint ("Plaintiffs' Complaint") in New Jersey Superior Court, Bergen County, Chancery Division,[1] against Defendants Township of Mahwah and Mahwah Township Council (together referred to as "Mahwah" or the "Township"). Plaintiffs' Complaint stems from various actions taken by the Township during 2017 in response to publicly-voiced objections to the presence of Orthodox Jews in Mahwah and the placement of an eruv on utility poles located in the Township. (Plaintiffs' Complaint ¶¶ 3, 4). Two of the nine counts of Plaintiffs' Complaint invoke compliance requirements tied to Mahwah's use of State funds granted by the New Jersey Department of Environmental Protection's Green Acres Program, under N.J.S.A. 13:8A-1 et seq.; N.J.S.A. 13:8C-1 et seq., and the implementing regulations, N.J.A.C. 7:36-1 et seq. (collectively the "Green Acres Act"). (Id. at ¶¶ 68-78).

---

[1] On November 20, 2017, Defendants removed this action to federal court. On November 8, 2017, prior to removal, Robert Moss filed a motion to intervene in New Jersey Superior Court. Plaintiffs filed opposition to the motion on November 22, 2017. On November 27, 2017, prior to the motion's return date, the Superior Court case was dismissed without prejudice based on Defendants' removal.

1

Mahwah maintains several large public parks, which include open space, playground equipment, and sports fields. (Plaintiffs' Complaint ¶ 21). Mahwah has applied for and received more than $3.4 million in funding for purchase and maintenance of its parks, pursuant to the Green Acres Act and the related administration of the "Green Acres Program." (Ibid.) In connection with its receipt of Green Acres funds, Mahwah entered into various contracts with the New Jersey Department of Environmental Protection ("DEP"). (Id. at ¶ 23). Those contracts require that Mahwah abide by the antidiscrimination provisions of the Green Acres Act, as well as the related provisions of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to 49, and that Mahwah place no restrictions on land use based on residency, except at the direction of or with the approval of the Commissioner of DEP (the "DEP Commissioner"). (Ibid.).

In addition to the contractual obligations created by Mahwah's receipt of Green Acres funds, the Green Acres Act itself provides that use of any lands acquired under the Green Acres Program is not to be restricted by any condition of religion, nor shall use be restricted by any condition of residence except by direction of or with the approval of the DEP Commissioner. N.J.S.A. 13:8A-51. Notwithstanding N.J.S.A. 13:8A-51 and the related provisions of the Green Acres Act, on or about June 29, 2017, Mahwah enacted a municipal ordinance restricting use of its public parks and playgrounds to New Jersey residents ("Ordinance 1806"). (Plaintiffs' Complaint ¶¶ 24-28). *Mahwah has since repealed Ordinance 1806*, voting to remove the ordinance from its municipal laws on December 28, 2017. There has been no action taken in this litigation since December 28, 2017. The now repealed Ordinance 1806, therefore, remains the partial subject of Plaintiffs' Complaint.

As to Plaintiffs' available remedies for an alleged failure to comply with Green Acres contract provisions against restrictions based on religion or residency, the Green Acres Act provides:

"In the event that the local unit cannot or will not correct deficiencies in operation and maintenance within a reasonable time period, the commissioner may require the repayment of a portion of or the entire grant amount received by the local unit [municipality]." N.J.S.A. 13:8A-50. The Green Acres Act regulations also provide that if a municipality does not comply with the terms of its Green Acres agreement with DEP, or any Green Acres Act provisions or regulations, the State may demand repayment of project funds, *seek injunctive relief, or seek specific performance*. N.J.A.C. 7:36-9.1(j) and (k); N.J.A.C. 7:36-14.1(j) and (k) (emphasis added).

## ARGUMENT

Intervention requires a movant to demonstrate sufficient interest in the subject matter of the litigation, a threat that such interest will be affected by the outcome, lack of adequate representation of the interest by existing parties, and timeliness of the application. Kleissler v. U.S. Forest Service, 157 F.3d 964, 969 (3rd Cir. 1988). Rule 24(a) provides for *intervention as of right* with a showing that the applicant has an interest in the property or transaction at issue, that the outcome of the case will affect that interest, and that the interest is not adequately protected by existing parties. Rule 24(b) allows for *permissive intervention* at the discretion of the trial court, with consideration for whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties. National Wildlife Federation v. Ruckelshaus, 99 F.R.D. 558, 561-62 (D.N.J. 1983).

While a pro se motion to intervene should be liberally viewed, the movant is required to demonstrate that the foregoing factors weigh in his favor and that he has fulfilled the requirements of Rule 24. See In re Effexor XR Antitrust Litigation, 2015 WL 12912442, *3 (D.N.J. Nov. 23, 2015). The court must carefully consider whether intervention will prejudice the original parties by causing undue delay and further complicating already-complex litigation. Ruckelshaus, supra, 99 F.R.D. at 561. Short of providing a sound basis to grant intervention, Moss merely cites a string of other

actions in which he has pursued intervention and states that he is as an environmental activist. (Moss Brief[2] pp. 1-3). While Moss's expressed concern over preservation of open space is at base reasonable, his application fails to meet the standards set forth in Rule 24 for either type of intervention. Plaintiffs must object to the intervention as unnecessary and likely to cause undue prejudice to the original parties. Preservation of open space in Mahwah is more directly and efficiently served through allowing Plaintiffs to manage their claims as originally intended.

1.    <u>The interest of preserving the Green Acres Program in Mahwah is adequately represented.</u>

Plaintiffs' position in this matter will adequately protect the interest of preserving open space and ensuring the survival of Green Acres land and projects in Mahwah. As a policy, DEP opposes the diversion or disposal of any park land or open space, whether or not funded by the Green Acres Program. N.J.A.C. 7:36-26.1. Plaintiffs invoked the Green Acres Act with the goal of having Mahwah specifically perform the provisions of its Green Acres contracts, cease any unlawful exclusion of persons from its recreational spaces, and continue to maintain its current park land as such.

While Plaintiffs reserve the right to seek repayment of Green Acres funds, as expressly authorized by the Green Acres Act, repayment of Green Acres funds is merely the legislatively authorized penalty for noncompliance and would not automatically release the encumbrances on Mahwah's Green Acres park land. The encumbrances on Green Acres park land, which attach as the result of a municipality's expenditure of Green Acres funds, cannot be released without the approval of the DEP Commissioner and the State House Commission. See N.J.S.A. 13:8A-13 and 31; N.J.S.A. 13:8C-32; and N.J.A.C. 7:36-26.1. Further, as a condition of Green Acres encumbrances

---

[2] "Moss Brief" refers to the brief of Robert Moss, dated December 4, 2017, in support of his Motion to Intervene.

being lifted, DEP may require the municipality to replace the land in the amounts set forth in and subject to the conditions of Green Acres regulations, ensuring no loss of protected open space. Ibid.

Moss's apparent concern is more than adequately represented by Plaintiffs and his logic as to the potential outcome of this matter is unsupported by the facts or applicable law. Moreover, protection of the Green Acres Program and proper administration of its funding components is granted to the DEP Commissioner as a matter of legislative preference. See N.J.S.A. 13:8A-41; N.J.S.A. 13:8A-43; N.J.S.A. 13:8A-53. With that legislative grant of authority and preference for the DEP Commissioner to oversee compliance, Moss's interest in how Green Acres law will affect the outcome of this litigation does not constitute an independent legal interest for which intervention must be allowed. See New Jersey Division of Youth and Family Services v. D.P., 422 N.J. Super. 583, 593 (App. Div. 2011).

2. <u>Moss's intervention has strong potential to delay or prejudice the adjudication of the rights of the original parties.</u>

Moss's intervention to advance the cause of keeping Green Acres funding with Mahwah, ostensibly without forcing Mahwah to comply with all attendant laws and regulations, will complicate this matter with questions and issues that are unnecessary to its resolution and possibly at odds with Plaintiffs' intended focus.[3] Among other goals, Plaintiffs seek to secure Mahwah's full compliance with State laws and appropriate use of Green Acres funding. Moss's objection to the remedy of repayment of Green Acres funds may be more appropriately channeled through legislative activism or in separate litigation to challenge the statutory requirements and regulations attached to Green Acres funding.

---

[3] Moss's concerns are tied to Ordinance 1806 and the potential consequences of Plaintiffs' legal challenge of Ordinance 1806. Notably, Defendants repealed Ordinance 1806 following the filing of Plaintiffs' Complaint.

In this action, Plaintiffs seek a prompt remedy that will secure access to Mahwah park space for all visitors without regard to residency. The original parties are entitled to avoid protracted litigation over the possible effect of a remedy that may not come to fruition. In any event, the remedy is statutorily provided and fully within the discretion of the DEP Commissioner to pursue.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that Robert Moss's Motion to Intervene be denied.

Dated: March 5, 2017

        Respectfully,

        GURBIR S. GREWAL
        ATTORNEY GENERAL OF NEW JERSEY

        By: /s *Megan J. Harris*
            Megan J. Harris
            Deputy Attorney General
            New Jersey Department of Law & Public Safety
            Division of Law
            124 Halsey Street, 5th Floor
            P.O. Box 45029
            Newark, New Jersey 07101
            megan.harris@law.njoag.gov
            (973) 648-7819