Jonathan Testa, Esq.
Attorney ID: 015152009
**Dorsey & Semrau**
714 Main Street
Boonton, New Jersey 07005
T:(973)334-1900
F:(973)334-3408
jtesta@dorseysemrau.com
Attorneys Defendants Township of Mahwah
and Mahwah Township Council

| | |
|---|---|
| GURBIR S. GREWAL, Attorney General of New Jersey; CRAIG SASHIHARA, Director of the New Jersey Division on Civil Rights; and CATHERINE R. McCABE, Commissioner of the Department of Environmental Protection,<br><br>Plaintiffs,<br><br>-vs-<br><br>TOWNSHIP OF MAHWAH and MAHWAH TOWNSHIP COUNCIL<br><br>Defendants. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY (NEWARK VICINAGE)**<br><br>**CIVIL ACTION NO.: 2:17-CV-11988-JMV-JBC** |

**DEFENDANTS TOWNSHIP OF MAHWAH AND MAHWAH TOWNSHIP COUNCIL'S LEGAL BRIEF IN SUPPORT OF MOTION TO ENFORCE ORDER AND TO DISMISS MATTER WITH PREJUDICE**

Jonathan Testa, Esq.
of Counsel and on the Brief

Dated: January 24, 2023

**LEGAL ARGUMENT**

**THE COURT SHOULD ENFORCE THE CONSENT DECREE PREVIOUSLY ISSUED IN THIS MATTER ON SEPTEMBER 24, 2018, AND DISMISS THIS MATTER WITH PREJUDICE, AS THE TOWNSHIP HAS MET ALL INJUNCTIVE CONDITIONS SET FORTH WITHIN THE DECREE AND THE FOUR-TERM HAS SINCE EXPIRED.**

In this matter, Defendants Township of Mahwah and the Mahwah Township Council (hereinafter "Township Defendants") bring this motion to enforce the terms of a Consent Order and Final Judgment entered by the Court on September 24, 2018. (*See* "Consent Order and Final Judgment" entered on September 24, 2018 annexed hereto at **Exhibit "A"**); (*see* also ECF No. 26)(hereinafter "Consent Order").

It is well-settled law that this Court has "inherent power to enforce a consent decree in response to a party's non-compliance." *Holland v. N.J. Dep't of Corr.,* 246 F.3d 267, 270 (3d Cir.2001). "A court should interpret a consent decree as written and should not impose terms when the parties did not agree to those terms." *Id.* at 281 (citing *Halderman v. Pennhurst State Sch. & Hosp.,* 901 F.2d 311, 319 (3d Cir.1990)). "[T]he scope of a consent decree must be discerned within its four corners, and not by reference to what might satisfy the purposes of one of the parties to it." *United–States v. Armour & Co.,* 402 U.S. 673, 682 (1971). A consent order "is an order of the court and thus, by its very nature, vests the court with equitable discretion to enforce the obligations imposed on the parties." *United States v. Local 359, United Seafood Workers,* 55 F.3d 64, 69 (2d Cir.1995); *see also United States v. Gov't of the V.I.,* 363 F.3d 276, 290 (3d Cir.2004). In addition, "[u]ntil parties to such an instrument have fulfilled their express obligations, the court has continuing authority and discretion—pursuant to its independent, juridical interests—to ensure compliance." *Holland,* 246 F.3d at 283 (quoting *Local 359,* 55 F.3d at 69) (internal quotations omitted).

Just as it would for any other contract, this Court has jurisdiction to enforce a Consent Order previously entered into by parties in a case before it. *See Holland,* 246 F.3d at (citing *Halderman,* 901 F.2d at 319 (3d Cir. 1990)); s*ee also McCune v. First Judicial Dist. Of Pa. Probation Dep't*, 99 F. Supp. 2d 565, 566 (E.D. Pa. 2000). A settlement agreement is binding once the parties express mutual assent to its terms and conditions. *See Main Line Theatres, Inc. v. Paramount Film Distrib. Corp.*, 298 F.2d 801, 803 (3d Cir. 1962).

Likewise, the Third Circuit and New Jersey have a strong public policy favoring settlements and strive to give effect to the terms wherever possible. *Pennwalt Corp. v. Plough Inc*., 676 F.2d 77, 80 (3d Cir. 1982)*; Longo v. First Nat. Mortgage Sources*, 523 F. App'x 875, 878, (3d Cir. 2013); *Nolan by Nolan v. Lee Ho*, 120 N.J. 465, 472 (1990).

The construction and enforcement of settlement agreements is governed by principles of New Jersey contract law. *See Plymouth Mutual Life Ins. Co. v. Illinois Mid-Continent Life Ins. Co. of Chicago*, 378 F.2d 389, 391 (3d Cir. 1967); *Pacific Alliance Grp. Ltd. v. Pure Energy Corp.*, Civ. No. 13-4592, 2006 WL 166470, at *2 (D.N.J. Jan. 23, 2006). "[W]here the terms of a contract are clear and unambiguous there is no room for interpretation or construction and the courts must enforce those terms as written." *Karl Sales & Service, Inc. v. Gimbel Brothers, Inc.*, 249 N.J. Super. 487, 493 (App. Div. 1991). Moreover, this Court cannot interpret consent orders in a way that would "make better deals for parties than they freely and voluntarily chose to make for themselves." *Seaview Orthopedics v. Nat'l Healthcare Resources, Inc.*, 366 N.J. Super. 501, 510 (App. Div. 2004).

In the instant litigation, there is no question that Plaintiffs and the Township Defendants entered into a settlement agreement on September 17, 2018, which was embodied in a Consent

3

Order that was ultimately entered by this Court on September 24, 2018.  (*See* Ex. "A"); (*see* also ECF No. 26).

Enumerated paragraph eighteen (18) of the Consent Order establishes: "Jurisdiction is retained by this Court for such further orders and directions as may be necessary or appropriate for the construction and modification of the injunctive provisions herein, or execution of this Consent Order, including punishment for any violation of this Consent Order." (*See* p.9:¶18 of Consent Order at Ex. "A").  Accordingly, this Court has jurisdiction to enforce the provisions of the Consent Order.

The injunctive provisions and conditions the Township Defendants were required to comply with under the Consent Order, include certain recordkeeping, reporting, and records access requirements to the State of New Jersey, through the Deputy Attorney General of record for the Plaintiffs in this matter.  Under the Consent Order these requirements were imposed on the Township Defendants for a period of four years from the date of entry of the Consent Order on September 24, 2018. (See pp. 4-7:¶¶7-11 of Consent Order at Ex. "A").

For example, under enumerated paragraphs "7"-"9" of the Consent Order, the Township Defendants were required, on a quarterly basis during the four-year period, to create reports and compile and maintain certain records of complaints, information and lists of actions/incidents on certain items involving the subject matter of this litigation to the Deputy Attorney of record for the Plaintiffs.  (See pp. 5-6:¶9 of Consent Order at Ex. "A").

Likewise, under enumerated paragraph "12" of the Consent Order, the Federal District Court for the District of New Jersey was to retain jurisdiction over the above-referenced matter for the four-year period, and the Township remained subject to a "Suspended Penalty and Fees" in the

4

event of noncompliance with the terms and conditions of the Consent Order. (See pp.7-8:¶12 of Consent Order at Ex. "A").

Paragraph 12 of the Consent Order further states that upon conclusion of the four-year period, liability for payment of the stipulated penalty and fee shall be suspended and automatically vacated, provided that:

> a. Defendants comply in all material respects with the restraints and conditions set forth in the Consent Order;
>
> b. Plaintiffs do not uncover information that Defendants made any material misrepresentations/omissions with respect to any information provided to Plaintiffs in connection with the resolution of this matter; and
>
> c. Defendants do not engage in any unlawful conduct prohibited by the [New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et seq. or the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.] with respect to the subject matter of this litigation for a period of four years from the date of the Consent Order.
>
> [See pp.7-8:¶12 of Consent Order at Ex. "A"].

Lastly, under enumerated paragraph thirteen (13) of the Consent Order, the parties stipulated that the Consent Order is to operate as a complete and final disposition of the allegations against the Township, "subject only to the fulfillment of all provisions of this Consent Order. Upon fulfillment of those provisions, all allegations against Defendants are dismissed with prejudice." (See p. 8:¶13 of Consent Order at Ex. "A").

For four years the Township Defendants have been in full compliance with the terms and conditions of the Consent Order for the entire stipulated period in all material respects. (See p.2:¶11 of Certification of Township Business Administrator Benjamin Kezmarksy, dated January 23, 2023 annexed hereto).

5

By operation of the express terms of the Consent Order, the injunctive provisions and conditions expired on September 24, 2022. (See pp. 4-8:¶¶7-12 of Consent Order at Ex. "A"). The Township Defendants, having not violated any provisions of the Consent Order, by and through its legal counsel have since sought to formalize the dismissal of this matter with prejudice by having Plaintiffs, through its counsel of record, execute a stipulation of dismissal with prejudice.

In furtherance of same, on October 24, 2022 Defendants' legal counsel sent correspondence to Plaintiffs' counsel of record in this matter, via regular mail, certified mail, and e-mail. (*See* Correspondence to Plaintiffs' Counsel, dated October 24, 2022 annexed hereto at **Exhibit "B"**); (*See also* pp.2-3 of emails exchanged between counsel for Defendants and Plaintiffs for the period of October 24, 2022 through January 19, 2023 annexed hereto at **Exhibit "C"**).

In the October 24th letter, the Township Defendants reminded Plaintiffs that the restraints and conditions imposed upon the Township Defendants under the Consent Order ended on September 24, 2022; and that the Township Defendants have been in full compliance with same for the four-year term. *Id.* Accordingly, the Township Defendants' requested Plaintiffs execution of a "stipulation of dismissal with prejudice" and provided a copy of the Consent Order and proposed stipulation of dismissal for execution by counsel for Plaintiffs. *See* Ex. "B".

Despite Defense Counsel receiving a "read receipt" confirming Plaintiffs' counsel had read Defense counsel's email and receiving a return receipt for the certified mailing; no response was received by Plaintiffs' counsel. *Id.* On November 16, 2022, Defendants' counsel sent a follow-up email to Plaintiffs' counsel, again requesting Plaintiffs comply with the Consent Order and execute the stipulation of dismissal. (*See* emails to Plaintiffs' Counsel, dated November 16, 2022 at pp. 4-6 Ex. "C"). Again, no response was received by Plaintiffs' counsel.

Prior to filing the instant motion, Defense Counsel once again reached out to Plaintiffs' counsel, via telephone, and was finally able to communicate with Plaintiffs' counsel on Wednesday, January 18, 2023.  At that time, Plaintiffs' counsel advised of his unavailability for the last several months; that Plaintiffs would need to review their files to determine compliance with the Consent Order; and agreed to respond by mid-day on January 19, 2023.  On the next day, Plaintiffs' counsel responded advising that he could not execute the stipulation of dismissal until he obtained approval from his client and did not provide any timeframe for same.  (*See* p. 7 of Ex. "C").

At present, Plaintiffs' Counsel has yet to execute the stipulation of dismissal, with prejudice.  As a result, through no fault of the Township Defendants, this matter continues to remain open-ended for an untold period, in direct contradiction to the terms of the Consent Order.  Due to the lack of cooperation by Plaintiffs for the period of four months, Defendants have now been forced to file the instant motion.

Accordingly, the Township Defendants seeks the Courts intervention to enforce the terms of the Consent Order and to enter an Order dismissing this matter with prejudice, or alternatively, directing Plaintiffs to signify that the Township has fulfilled all provisions of the Consent Order by executing a stipulation of dismissal with prejudice so that this matter can be brought to conclusion.

## **CONCLUSION**

Based on the foregoing, Defendants Township of Mahwah and the Mahwah Township Council respectfully urge that this Honorable Court grant the instant motion and enter a formal order dismissing this matter with prejudice, or otherwise directing that Plaintiffs execute a stipulation of dismissal of this matter with prejudice.

                                      Respectfully submitted,
                                      **Dorsey & Semrau, LLC**
                                      Attorneys for Defendants
                                      Township of Mahwah and
                                      Mahwah Township Council

By:    */s/ Jonathan Testa*
           JONATHAN TESTA, ESQ.
           Attorney ID: 015152009
           714 Main Street
           Boonton, New Jersey 07005
           T:(973)334-1900
           Email: jtesta@dorseysemrau.com

Dated:  January 24, 2023