| | |
|---|---|
| GURBIR S. GREWAL, Attorney General of New Jersey; CRAIG SASHIHARA, Director of the New Jersey Division on Civil Rights; and CATHERINE R. McCABE, Commissioner of the Department of Environmental Protection,<br><br>Plaintiffs,<br>v.<br><br>TOWNSHIP OF MAHWAH and MAHWAH TOWNSHIP COUNCIL,<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.: 2:17-cv-11988-JMV-JBC<br><br>**CERTIFICATION OF<br>BENJAMIN KEZMARSKY** |

I, Benjamin Kezmarsky, of full age, duly certify, as follows:

1. I am the Business Administrator for the Township Mahwah (hereinafter, the "Township" or "Defendant") in the within matter. As such, I am fully familiar with facts of this matter based on my review of the records on file with the Township in my Office, and in my capacity as the Township's Business Administrator.

2. This Certification is being made in support of the Township's Motion to Enforce the Consent Order and for Dismissal with Prejudice of the above-captioned matter.

3. On September 24, 2018, Plaintiffs and the Township resolved the above-captioned matter by way of "Consent Order and Final Judgment" entered by the Honorable John Michael Vazquez, U.S.D.J., on September 24, 2018 (hereinafter "Consent Order"). (See ECF NO. 26); (see also **Exhibit "A"** annexed hereto).

4. A true an accurate copy of the "Consent Order and Final Judgment" is annexed hereto as **Exhibit "A"**.

5. The Consent Order imposed certain restraints upon the Township, including certain recordkeeping, reporting, and records access requirements for a period of four years from the date of entry of the Consent Order. (See pp. 4-8:¶¶7-11 of Consent Order at Ex. "A").

6. Under enumerated paragraph "9" of the Consent Order, on a quarterly basis for the period of four years from September 24, 2018, the Township was required to report certain information, reports, complaints, list of actions/incidents and complaints on certain items to Deputy Attorney General James Michael, Esq., counsel of record for the Plaintiffs in the above-captioned matter. (See pp. 5-6:¶9 of Consent Order at Ex. "A").

7. Under enumerated paragraph "12" of the Consent Order, the Federal District Court for the District of New Jersey was to retain jurisdiction over above-referenced matter for the four-year period, and the Township remained subject to a "Suspended Penalty and Fees" in the event of noncompliance with the terms and conditions of the Consent Order. (See pp.7-8:¶12 of Consent Order at Ex. "A").

8. The Consent Order further provided that upon conclusion of the four-year period, liability for payment of the stipulated penalty and fee shall be suspended and automatically vacated, provided that the Township complies in all material respects with the restraints and conditions set forth in the Consent Order, Plaintiffs do not uncover information that the Township made any material misrepresentations/omissions, and the Township does not engage in any unlawful conduct prohibited by the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to 2 or the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to 49. (See pp.7-8:¶12 of Consent Order at Ex. "A").

9. Under enumerated paragraph thirteen (13) of the Consent Order, the parties stipulated that the Consent Order is to operate as a complete and final disposition of the allegations

against the Township, "subject only to the fulfillment of all provisions of this Consent Order. Upon fulfillment of those provisions, all allegations against Defendants are dismissed with prejudice." (See p. 8:¶13 of Consent Order at Ex. "A").

10. Under enumerated paragraph eighteen (18) of the Consent Order, this Court retained jurisdiction for such further orders and directions as necessary for the construction and modification of the injunctive provisions of the Consent Order. (See p. 9:¶18 of Consent Order at Ex. "A").

11. To date, the Township has been in full compliance in all material respects with the restraints, conditions and obligations within the Consent Order for the four-year period, including the injunctive requirements set forth at enumerated paragraphs seven (7) thru eleven (11) of the Consent Order.

12. The four-year period set forth in the Consent Order ended on September 24, 2022.

13. Since October 2022, the Township, by and through its attorneys, has made repeated requests to the New Jersey Deputy Attorney General assigned to this matter to execute a formal "Stipulation of Dismissal with Prejudice" so that same could be promptly filed with the Court .

14. To date, the New Jersey Deputy Attorney General has not executed the "Stipulation of Dismissal with Prejudice."

I hereby certify that the foregoing statements made by be are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*[signature]*
Benjamin Kezmarsky

Dated: January 23, 2023