# EXHIBIT "B"

# DORSEY & SEMRAU

FRED SEMRAU*
DAWN M. SULLIVAN**
SUSAN C. SHARPE**
ROBERT ROSSMEISSL
EDWARD PASTERNAK**
JONATHAN TESTA**
GABRIELLE CANAIE
KYLE FISHER
*PARTNER
** SENIOR ASSOCIATE

ATTORNEYS AT LAW
714 MAIN STREET
P.O. BOX 228
BOONTON, NJ 07005
973-334-1900
FACSIMILE 973-334-3408

jtesta@dorseysemrau.com

IN MEMORIAM:
JOHN H. DORSEY
(1937-2018)

October 24, 2022

**VIA REGULAR AND ELECTRONIC MAIL**
Chief Deputy Attorney General James Michael
State of New Jersey
Office of the Attorney General
Department of Law & Public Safety
Division of Civil Rights
124 Halsey Street, 5th Floor
P.O. Box 45029
Newark New Jersey 07101
Email: james.michael@law.njoag.gov

      Re:    **Gurbir S. Grewal et al, v. Township of Mahwah, et al.,**
               **Civil Action No. 2:17-cv-11988**

Dear Chief Deputy Attorney General Michael:

      Fred Semrau, Esq., of this Office serves as the Municipal Attorney for the Township of Mahwah ("Township"). On behalf of the Township, we write to you regarding the above-referenced litigation, which was previously resolved pursuant to a Consent Order and Final Judgment entered on September 24, 2018, a copy of which is enclosed herein for ease of reference and your review (hereinafter "Consent Order").

      In this regard, the Consent Order and Final Judgment entered in the above-referenced litigation on September 24, 2018 included, amongst other items, certain responsibilities as to the Township's record-keeping, reporting and record access for a period of four years from September 24, 2018. (See pp. 4-7:¶¶7-9&11 of Consent Order). Pursuant to the express terms of the Consent Order, at this juncture the Township's responsibilities set forth in the Consent Order have since been fully satisfied and this matter should be officially terminated.

      In light thereof, at this time we respectfully request that the State execute the attached stipulation of dismissal with prejudice, and return same to the undersigned for filing in the above-referenced matter within seven (7) business days. Your courtesies and cooperation in this regard are greatly appreciated.

Chief Deputy Attorney General Michael
October 24, 2022
Page 2 of 2

      Should you have any questions or concerns, please do not hesitate to contact the undersigned directly at (973) 334-1900 at any time.

                                         Very truly yours,

                                         */s/ Jonathan Testa*
                                         Jonathan Testa, Esq.

Enclosures

Cc: Mayor & Township Administrator

|  |  |
|---|---|
| GURBIR S. GREWAL, Attorney General of New Jersey; CRAIG SASHIHARA, Director of the New Jersey Division on Civil Rights; and CATHERINE R. McCABE, Commissioner of the Department of Environmental Protection,<br><br>Plaintiffs,<br>v.<br><br>TOWNSHIP OF MAHWAH and MAHWAH TOWNSHIP COUNCIL,<br><br>Defendants. | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY**<br><br>CIVIL ACTION NO.: 2:17-cv-11988-JMV-JBC<br><br>**STIPULATION OF DISMISSAL WITH PREJUDICE** |

**THIS MATTER**, having been previously brought by Plaintiffs, Gurbir S. Grewal, Attorney General of New Jersey, Craig Sashihara, Director of the New Jersey Division on Civil Rights, and Catherine R. McCabe, Commission of the Department of Environmental Protection (hereinafter collectively the "Plaintiffs") against Defendants Township of Mahwah and Mahwah Township Council (collectively the "Township"); and

**WHEREAS**, Plaintiffs and the Township having previously resolved the above-captioned matter by way of Consent Order and Judgment entered on September 24, 2018 (see ECF NO. 26) (hereinafter "Consent Order"), and which imposed certain restraints upon the Township and further required the Township comply with certain reporting, recordkeeping, investigation/inspection, and records access requirements for a period of four years from the date of entry of the Consent Order, and

**WHEREAS**, pursuant to the Consent Order, during the above-referenced four-year period, this Honorable Court retained jurisdiction over this matter, and the Township remained subject to a stipulated suspended penalty and fee in the event the Township failed to comply with its obligations and responsibilities under the Consent Order; and

**WHEREAS**, the Consent Order further provides that upon conclusion of the four-year period, liability for payment of the stipulated penalty and fee shall be suspended and automatically vacated, provided that the Township complies in all material respects with the restraints and conditions set forth in the Consent Order, Plaintiffs do not uncover information that the Township made any material misrepresentations/omissions, and the Township does not engage in any unlawful conduct prohibited by the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to 2 or the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to 49.

**NOW THEREFORE**, Plaintiffs and the Township do hereby stipulate and agree that the Township has been in full compliance in all material respects with the restraints, conditions and obligations set forth within the Consent Order, and the four-year period having since ended on September 24, 2022; and

**FURTHERMORE**, Plaintiffs and the Township do hereby stipulate and agree that this matter be and is hereby dismissed with prejudice and without costs to any of the parties herein.

| MATTHEW J. PLATKIN, NEW JERSEY ATTORNEY GENERAL | DORSEY & SEMRAU, LLC |
|---|---|
| By: _____<br>JAMES R. MICHAEL, ESQ<br>Chief Deputy Attorney General<br>Attorney ID:<br>State of New Jersey<br>Office of the Attorney General<br>Department of Law & Public Safety<br>Division of Civil Rights<br>124 Halsey Street, 5th Floor<br>Newark New Jersey 07101<br>Email: james.michael@law.njoag.gov<br>Counsel for Plaintiffs | By: /s/ Jonathan Testa, Esq.<br>JONATHAN TESTA, ESQ.<br>Attorney ID: 015152009<br>DORSEY & SEMRAU, LLC<br>714 Main Street<br>Boonton, New Jersey 07005<br>Telephone: (973) 334-1900<br>Fax: (973) 334-3408<br>Email: jtesta@dorseysemrau.com<br>Counsel for Defendants Township of Mahwah and Mahwah Township Counsel |
| Date: _____ | Date: 10/24/2022 |

```
----------------------------------------------
GURBIR S. GREWAL, Attorney General of New    :   UNITED STATES DISTRICT COURT
Jersey; CRAIG SASHIHARA, Director of the New :   DISTRICT OF NEW JERSEY
Jersey Division on Civil Rights; and CATHERINE R. :
McCABE, Commissioner of the Department of    :
Environmental Protection,                    :
                                             :
                   Plaintiffs,               :   CIVIL ACTION NO. 2:17-cv-11988
     v.                                      :
                                             :
TOWNSHIP OF MAHWAH and MAHWAH                :
TOWNSHIP COUNCIL,                            :
                                             :
                   Defendants.               :
----------------------------------------------
```

## CONSENT ORDER AND FINAL JUDGMENT

WHEREAS, this matter was originally opened on October 24, 2017 to the New Jersey Superior Court, Bergen County, Chancery Division (Docket No. BER-C-282-17), by Plaintiffs Gurbir S. Grewal, Attorney General of New Jersey, Craig Sashihara, Director of the New Jersey Division on Civil Rights (the "Division"), and Catherine R. McCabe, Commissioner of the New Jersey Department of Environmental Protection, pursuant to the provisions of the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to 2 ("NJCRA"), the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to 49 (the "LAD"), and the New Jersey Green Acres Act, N.J.S.A. 13:8A-1 et seq., N.J.S.A. 13:8C-1 et seq., and the implementing regulations, N.J.A.C. 7:36-1 et seq. (collectively the "Green Acres Act"), seeking primarily to enjoin Defendants from taking or continuing certain actions Plaintiffs alleged to be discriminatory and in violation of the aforementioned laws and certain contractual obligations to the State of New Jersey, including but not limited to actions to limit access to public parks based on religion and to prevent implementation of an eruv; and

WHEREAS, Defendants, the Township of Mahwah ("Mahwah" or the "Township") and the Mahwah Township Council (the "Council"), removed this matter to United States District Court, District of New Jersey, on November 20, 2017; and

WHEREAS, following the filing of this action, Defendants repealed Ordinance 1806 (which limited use of Township parks and playgrounds to New Jersey residents) and passed a resolution not to adopt proposed Ordinance 1812 (which prohibited the placement of any "device" on a utility pole within the Township); and

WHEREAS, Defendants have now reached a resolution with the Bergen Rockland Eruv Association, Inc. ("BREA") on the existence and maintenance of an eruv within the Township; and

WHEREAS, the parties have agreed to resolve all issues in controversy on the terms set forth in this Consent Order and Final Judgment to avoid the burden and expense of further litigation; and

WHEREAS the terms of the parties' resolution have been reviewed by the Court as confirmed by the entry of this Consent Order and Final Judgment;

IT IS on this 24th day of September, 2018, **ORDERED AND AGREED** as follows:

## LAD AND NJCRA COMPLIANCE

1. Defendants agree that all decisions exercising their municipal and political powers and all Township policies, laws, and practices affecting the use and access to any public accommodations, public spaces, and public park land by persons who reside in Mahwah, travel through Mahwah, and visit or frequent Mahwah for any lawful purpose, shall comply in full with the LAD and the NJCRA. Further, Defendants agree not to implement any policy or practice

2

having the purpose or effect of discrimination on the basis of race, creed, color, national origin, ancestry, marital status, civil union status, domestic partnership status, affectional or sexual orientation, sex, gender identity or expression, disability, liability for service in the Armed Forces of the United States, nationality, or pregnancy status. Defendants shall also ensure that all Township parks and recreational facilities are made open to the public, without restriction by any conditions of religion or residency, as required by the Green Acres Act.

## MODIFICATION OF ORDINANCES AND NOTICE OF FURTHER ACTION

2. The parties acknowledge that as of December 28, 2017, former Ordinance 1806 is repealed. For a period of four years from the date of this Consent Order, Defendants will notify Plaintiffs at least thirty days in advance of any vote on a proposed Township ordinance affecting access to Township parks and recreational facilities, or restricting access to parks and recreational facilities in any manner (including parking regulations) based on the residency of visitors. Notification shall be made via written correspondence, sent by regular and certified mail and email, to Deputy Attorney General James Michael at 124 Halsey Street, 5th Floor, P.O. Box 45029, Newark, New Jersey 07101, james.michael@law.njoag.gov.

3. The parties acknowledge that as of December 14, 2017, Defendants have resolved not to adopt proposed Ordinance 1812. For a period of four years from the date of this Consent Order, Defendants will notify Plaintiffs at least thirty days in advance of any vote on a proposed Township ordinance affecting the placement of signs, devices, or any material whatsoever on utility poles located within the Township.

4. Defendants agree that no zoning violations or summonses will issue as the result of the eruv structure that currently exists and was in place on July 21, 2017.

3

5. Within 30 days of the date of this Consent Order, Defendants agree to modify Ordinance 1816 at Section 9-1.4(a)4 to include a statement as follows: "This provision is not intended to address the placement of materials on utility poles located within the Township's recreational facilities, which activity is governed by Chapter XV of the Mahwah Revised General Ordinances."

6. Within 30 days of the date of this Consent Order, the Mayor and Council will issue a joint public statement (the Joint Public Statement) in the form annexed hereto as "Exhibit A," that all laws related to use of Mahwah's parks and recreational facilities, as well as laws related to solicitation activity within the Township, will be enforced in an even-handed and non-discriminatory manner. The Mayor and Council will also state, as a reinforcement of state and local laws, that intimidation or harassment of any person engaging in lawful use of the Township's parks and recreational facilities, is prohibited and such harassment or intimidation will be subject to criminal prosecution. Defendants will make the Joint Public Statement available to the general public online, at minimum by posting the Joint Public Statement on the home page of the web site mahwahtwp.org for a period of no less than 60 days.

### RECORDKEEPING, REPORTING AND ACCESS TO RECORDS

7. For a period of four years from the date of this Consent Order, Mahwah will create and maintain records of all complaints and reports to the Township concerning use of the Township's parks and recreational facilities and alleged violations of Ordinance 1816. Mahwah also agrees to create and maintain, to the degree such records are not currently being maintained as public records, records of police involvement in matters concerning use of the Township's recreational facilities and alleged violations of Ordinance 1816. The records shall recite in detail the complaint, report, or activity directly observed by Township officials or law enforcement

officers, describe all persons involved, state whether law enforcement responded and in what manner, and document the outcome. Mahwah further agrees that upon Plaintiffs' request and five business days' notice, it will provide a copy of all such records existing at the time of the request.

8. For a period of four years from the date of this Consent Order, Mahwah will create and maintain records of all complaints and reports to the Township concerning alleged violations of Ordinance 1814. Mahwah also agrees to create and maintain, to the degree such records are not currently being maintained as public records, records of police involvement in matters concerning alleged violations of Ordinance 1814. The records shall recite in detail the complaint, report, or activity directly observed by Township officials or law enforcement officers, describe all persons involved, state whether law enforcement responded and in what manner, and document the outcome. Mahwah further agrees that upon any Plaintiffs' request and five business days' notice, it will provide a copy of all such records existing at the time of the request.

9. For a period of four years from the date of this Consent Order, Defendant shall report to the Division on Civil Rights on a quarterly basis as to the information collected pursuant to Paragraphs 7 and 8, supra. The quarterly reports shall, at a minimum, include:

(a) the number of complaints and/or reports received from the public concerning issues of access to or conduct in Mahwah's parks or recreational facilities;

(b) a list of actions or interventions taken in response to any such complaints and/or reports;

(c) a list of incidents where law enforcement personnel who fielded the complaint or report concerning access to or conduct in Mahwah's parks and recreational

5

facilities noted objective evidence that the complaint or report was motivated in whole or in part by religion-based or other unlawful bias;

    (d) the number of complaints and/or reports received from the public concerning potential violations of Ordinance 1814;

    (e) a list of actions or interventions taken in response to any complaints and/or reports of Ordinance 1814;

    (f) a list of incidents where law enforcement personnel who fielded the complaint or report of an alleged violation of Ordinance 1814 (or alleged unlawful solicitation activity) noted objective evidence that the complaint or report was motivated in whole or in part by religion-based or other unlawful bias.

The reports required pursuant to this paragraph shall be forwarded to Deputy Attorney General James Michael at 124 Halsey Street, 5th Floor, P.O. Box 45029, Newark, New Jersey 07101, james.michael@law.njoag.gov.

### FUTURE PLACEMENT OF LECHIS AND VANDALISM OF LECHIS

  10. Defendants agree that their current resolution with BREA does not prohibit, nor should it be read to impede or limit, any future undertaking to extend or modify the existing eruv within the Township, provided such undertaking is done in compliance with all applicable laws and with consent from all necessary parties.

  11. Mahwah agrees that all incidents of material damage to lechis placed on utility poles within the Township, unless there is good cause to attribute such damage to weather or accidental contact, will be investigated as potential criminal acts of vandalism in accordance with N.J.S.A. 2C:17-3 and such other provisions of the New Jersey Criminal Code as may be appropriate under the circumstances. Any potential violations of N.J.S.A. 2C:17-3 will be

referred to the appropriate prosecutorial authorities. For a period of four years from the date of this Consent Order, Mahwah will notify Plaintiffs within 3 business days of the beginning of such an investigation. Notification shall be made via written correspondence, sent by regular and certified mail and email, to Deputy Attorney General James Michael at 124 Halsey Street, 5th Floor, P.O. Box 45029, Newark, New Jersey 07101, james.michael@law.njoag.gov.

### SUSPENDED PENALTY AND FEES

12. This court shall retain jurisdiction over this matter for a period of four years to receive and adjudicate any action or application related to this paragraph. Defendants agree to a suspended payment of three hundred and fifty thousand dollars ($350,000.00), which consists of Plaintiffs' claim of two hundred and fifty thousand dollars ($250,000.00) for statutory penalties for the alleged violations of the CRA and LAD and a compromised amount of one hundred thousand dollars ($100,000.00) in reimbursement of Plaintiffs' legal fees and other costs associated with the investigation and litigation of this matter. This provision shall not preclude the filing of any action or application for statutory penalties or costs related to future conduct that Plaintiffs allege violates the CRA or LAD. Liability for the payment set forth in this paragraph shall be suspended and automatically vacated at the end of a four-year period, provided that:

    a. Defendants comply in all material respects with the restraints and conditions set forth in this Consent Order;

    b. Plaintiffs do not uncover information that Defendants made any material misrepresentation or material omission with respect to any information provided to Plaintiffs in connection with the resolution of this matter; and

c.  Defendants do not engage in any unlawful conduct prohibited by the CRA or LAD with respect to the subject matter of this litigation for a period of four years from the date of this Consent Order.

## GENERAL PROVISIONS

13.  Upon execution by all parties, this Consent Order and Final Judgment shall operate as a complete and final disposition of the allegations against Defendants contained in Plaintiffs' Complaint, subject only to the fulfillment of all provisions of this Consent Order. Upon fulfillment of those provisions, all allegations against Defendants are dismissed with prejudice.

14.  Defendants agree to refrain from taking retaliatory action against any person who, in any way, participated in the investigation or litigation of this matter. This prohibition against retaliation shall be considered coterminous with the anti-retaliation provisions of the CRA, the LAD and all other laws cited in the Complaint.

15.  The parties agree that New Jersey Law shall govern the enforcement of this Consent Order and Final Judgment.

16.  Nothing in this Consent Order and Final Judgment shall in any manner be construed to limit or affect the rights of any persons, other than the parties to this agreement, who may have a claim against Defendants or any individual or entity involved in this matter.

17.  This Consent Order is executed in settlement of the allegations and potential allegations against Defendants as described above, and shall not be construed to otherwise limit the authority of the New Jersey Attorney General, the Director of the New Jersey Division on

Civil Rights, or the Commissioner of the New Jersey Department of Environmental Protection to protect the interests of the State of New Jersey or the people of the State of New Jersey.

18. Jurisdiction is retained by this Court for such further orders and directions as may be necessary or appropriate for the construction and modification of the injunctive provisions herein, or execution of this Consent Order, including punishment for any violation of this Consent Order.

19. Failure to comply with any provision of this Consent Order shall be considered a violation of this Consent Order. Upon such a violation, the Plaintiffs may take any and all steps available to enforce this Consent Order. However, in the event of a dispute among the parties regarding any issue arising hereunder, the parties shall attempt in good faith to resolve the dispute before seeking the Court's intervention. The party alleging noncompliance will provide the other with the specific details of the alleged noncompliance, and the party alleged to be in noncompliance shall be afforded a forty-five (45) day period within which to cure any alleged noncompliance. In the event of the failure to cure any such alleged noncompliance, the party asserting the noncompliance may move on notice to enforce the provisions of the Consent Order. The party against whom noncompliance is asserted shall have the right to submit opposition to any motion application filed and to contest same on any return date. Upon being presented with evidence that the party has failed to materially comply with this Consent Order, the Court will assess against the noncomplying party costs associated with investigating and litigating that noncompliance, including reasonable attorneys' fees. In addition, where the Court should find Defendants in default of this Agreement, the suspended penalty set forth in paragraph 12 shall be ordered to be immediately due and owning.

20. Failure by any party to seek enforcement of this Consent Order pursuant to its terms with respect to any instance or provision shall not be construed as a waiver to such enforcement with regard to other instances or provisions.

_____
UNITED STATES DISTRICT JUDGE
JOHN MICHAEL VAZQUEZ

THE PARTIES CONSENT TO THE FORM, CONTENT,
AND ENTRY OF THIS CONSENT ORDER:

TOWNSHIP OF MAHWAH:

By: _____   Date: 9/17/18
Name: BRIAN M. CHEWCASKIE
Title: TOWNSHIP OF ATTORNEY
       (DIRECTOR OF LAW)

MAHWAH TOWNSHIP COUNCIL:

By: _____   Date: 09-17-18
Name: ROBERT G. HERMANSEN
Title: COUNCIL PRESIDENT

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

_____   Date: 9/17/18
GURBIR S. GREWAL
BY: JAMES R. MICHAEL
DEPUTY ATTORNEY GENERAL

10

CRAIG SASHIHARA
DIRECTOR, NEW JERSEY DIVISION ON CIVIL RIGHTS

_____          Date: 9-17-18
CRAIG SASHIHARA


CATHERINE R. McCABE
COMMISSIONER, NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION

_____          Date: 9/11/2018
CATHERINE R. McCABE
By Kathleen Frangione,
Acting Commissioner

11

**EXHIBIT A-JOINT PUBLIC STATEMENT**

All laws related to use of Mahwah's parks and recreational facilities, as well as laws related to solicitation activity within the Township, will be enforced in an even-handed and non-discriminatory manner. In addition, intimidation or harassment of any person engaging in lawful use of the Township's parks and recreational facilities, is prohibited and such harassment or intimidation will be subject to criminal prosecution.

# USPS Tracking®

FAQs >

**Tracking Number:**

## 70212720000194847750

Remove ✕

Copy    Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item was picked up at a postal facility at 4:25 am on October 27, 2022 in NEWARK, NJ 07101.

### Delivered
**Delivered, Individual Picked Up at Postal Facility**
NEWARK, NJ 07101
October 27, 2022, 4:25 am

See All Tracking History

**Text & Email Updates** ⌄

**USPS Tracking Plus®** ⌄

**Product Information** ⌄

See Less ∧

Track Another Package

Enter tracking or barcode numbers

Feedback

## Need More Help?

Contact USPS Tracking support for further assistance.

FAQs

Feedback